UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
-------------------------------------------------------------------X
TRUSTEES of the IAM NATIONAL PENSION           :
FUND                                           :
99 M Street, S.E., Suite 600                   :
Washington, D.C. 20003-3799,                   :     No.: _____
                                               :
                         Plaintiffs,           :
                                               :
        - against -                            :
                                               :
FRIEDMAN AUTOMOTIVE SERVICES, INC.             :
1662 East 361st Street                         :
Eastlake, Ohio 44095;                          :
                                               :
FRIEDMAN COLLISION CENTER, INC.                :
1662 East 361st Street                         :
Eastlake, Ohio 44095;                          :
                                               :
XYZ CORPORATIONS 1-10; and                     :
                                               :
JOHN and JANE DOES 1-10,                       :
                                               :
                         Defendants.           :
-------------------------------------------------------------------X
```

# COMPLAINT

Plaintiffs, the Trustees (the "Trustees") of the IAM National Pension Fund (the "Fund"), by and through their undersigned counsel, bring this action against Defendants Friedman Automotive Services, Inc. ("Friedman Automotive"), Friedman Collision Center, Inc. ("Friedman Collision"), fictitious entities XYZ Corporations 1-10, and fictitious individuals John and Jane Does 1-10, and allege as follows:

**I.   INTRODUCTION**

1.    This is an action under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), to recover statutorily prescribed withdrawal liability arising out of Friedman

Automotive's complete withdrawal from the Fund as of August 31, 2018.

2.  Pursuant to ERISA § 4301, 29 U.S.C. § 1451, the Trustees, on behalf of the Fund, seek to recover Friedman Automotive's allocated share of the Fund's unfunded vested benefits, as well as liquidated damages, interest, attorneys' fees, and costs.

## II. JURISDICTION AND VENUE

3.  This Court has personal jurisdiction over the Defendants because, pursuant to ERISA § 4301(d), 29 U.S.C. § 1451(d), they reside and do business within the United States.

4.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the Trustees are fiduciaries of the Fund who seek relief pursuant to ERISA § 4301, 29 U.S.C. § 1451.

5.  Venue is proper in this District pursuant to ERISA § 4301(d), 29 U.S.C. § 1451(d), because the Fund is administered in this District.

## III. PARTIES

6.  The Fund is an employee benefit plan within the meaning of ERISA §§ 3(1) to (3) and 502(d)(1), 29 U.S.C. §§ 1002(1) to (3) and 1132(d)(1), and a multi-employer plan within the meaning of ERISA §§ 3(37) and 515, 29 U.S.C. §§ 1002(37) and 1145.  The Fund is administered from 99 M Street, S.E., Suite 600, Washington, D.C. 20003-3799.

7.  Plaintiffs are the Trustees of the Fund, and bring this action solely in their capacities as fiduciaries of the Fund pursuant to ERISA §§ 3(21) and 4301(a)(1), 29 U.S.C. §§ 1002(21) and 1451(a)(1).

8.  Defendant Friedman Automotive is a for-profit Ohio corporation having its principal place of business at 1662 East 361st Street, Eastlake, Ohio 44095.  Upon information and belief, Dale Vidmar is the sole owner of Friedman Automotive.

9. Defendant Friedman Collision is a for-profit Ohio corporation having its principal place of business in 1662 East 361st Street, Eastlake, Ohio 44095. Upon information and belief, Dale Vidmar is the sole owner of Friedman Collision.

10. Defendants XYZ Corporations 1-10 are fictitious entities whose identities are not currently known to the Plaintiffs, but who, upon information and belief, were trades or businesses under common control with Friedman Automotive within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

11. Defendants John and Jane Does 1-10 are fictitious individuals whose identities are not currently known to the Plaintiffs, but who, upon information and belief, were sole proprietorships under common control with Friedman Automotive within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

## COUNT I

**Withdrawal Liability Owed by Friedman Automotive to the Fund
Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)**

12. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

13. Friedman Automotive was a party to a collective bargaining agreement (the "CBA") with the Automobile Mechanics' Local No. 701, International Association of Machinists and Aerospace Workers, AFL-CIO, with respect to which the Fund is a third-party beneficiary.

14. Pursuant to the CBA, Friedman Automotive was required to remit contributions to the Fund on behalf of those employees who performed work covered by the CBA.

15. As of August 31, 2018, Friedman Automotive permanently ceased to have an obligation to contribute to the Fund, and therefore, effectuated a complete withdrawal from the Fund within the meaning of ERISA § 4203(b), 29 U.S.C. § 1383(b).

16.     In accordance with ERISA § 4219(b)(1) and (c)(1), 29 U.S.C. § 1399(b)(1) and (c)(1), by letter dated April 2, 2019, a true and correct copy of which is attached as **Exhibit A**, the Trustees notified Friedman Automotive that it had effectuated a complete withdrawal from the Fund as of August 31, 2018, that its allocated share of the unfunded vested liabilities of the Fund was $105,190.00, and that Friedman Automotive was obligated to pay this amount in twenty (20) quarterly installments of $5,966.00, plus a final payment of $2,007.00, commencing by June 1, 2019.

17.     After having not received the demanded payment, in accordance with ERISA § 4219(c)(2) to (6), 29 U.S.C. § 1399(c)(2) to (6), by letter dated June 1, 2019, a true and correct copy of which is attached as **Exhibit B**, the Trustees notified Friedman Automotive that it was in default of its obligation to make its first interim withdrawal liability payment of $5,966.00 by June 1, 2019.  The letter also notified Friedman Automotive that if it failed to timely cure the default, the Trustees may accelerate Friedman Automotive's withdrawal liability and pursue legal action to collect the total outstanding amount of withdrawal liability, plus interest, liquidated damages, attorneys' fees, and costs.

18.     After having not received the demanded payment within sixty (60) days, and upon expiration of Friedman Automotive's deadline to commence arbitration, by letter dated August 14, 2019, a true and correct copy of which is attached as **Exhibit C**, the Fund notified Friedman Automotive that it had failed to cure its default, and that its entire withdrawal liability, which amount totaled $105,190.00, was immediately due and owing, along with accrued interest.

19.     Because Friedman Automotive has remitted no amounts in satisfaction of the withdrawal liability assessed by the Fund and has failed to timely initiate arbitration proceedings

under the statute, pursuant to ERISA § 4221(b)(1), 29 U.S.C. § 1401(b)(1), it is liable to pay its accelerated withdrawal liability.

20.  Plaintiffs, the Trustees of the Fund, demand judgment against Friedman Automotive for $105,190.00 for its allocated share of the unfunded vested liabilities of the Fund, as well as liquidated damages, interest, attorneys' fees, costs, and all other relief that the Court may deem just and appropriate.

## COUNT II

### Controlled Group Liability Owed by Friedman Collision to the Fund
### Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

21.  Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

22.  Upon information and belief, as of August 31, 2018, Dale Vidmar was the sole owner of Friedman Automotive and Friedman Collision.

23.  Friedman Automotive and Friedman Collision are a brother-sister controlled group within the meaning of 26 U.S.C. § 1563(a)(2) and ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1) because they were wholly owned by Dale Vidmar within the meaning of 26 U.S.C. § 1563(d)(2), (e)(5), and (e)(6)(B), as of the date of Friedman Automotive's complete withdrawal from the Fund on August 31, 2018.

24.  Friedman Collision is a trade or business that was under common control with Friedman Automotive at the time of Friedman Automotive's complete withdrawal from the Fund, and therefore, pursuant to ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1), Friedman Automotive and Friedman Collision constitute a single employer for purposes of withdrawal liability.

25.  As such, Friedman Collision is jointly and severally liable with Friedman Automotive for the withdrawal liability resulting from Friedman Automotive's complete withdrawal from the Fund.

26. Plaintiffs, the Trustees of the Fund, demand judgment against Friedman Collision for $105,190.00 for Friedman Automotive's allocated share of the unfunded vested liabilities of the Fund, as well as liquidated damages, interest, attorneys' fees, costs, and all other relief that the Court may deem just and appropriate.

### COUNT III

**Controlled Group Liability Owed by XYZ Corporations 1-10 to the Fund
Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)**

27. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

28. As of August 31, 2018, fictitious entities XYZ Corporations 1-10 were trades or businesses under common control with Friedman Automotive within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

29. As such, XYZ Corporations 1-10 are jointly and severally liable with Friedman Automotive for the withdrawal liability resulting from Friedman Automotive's complete withdrawal from the Fund.

30. Plaintiffs, the Trustees of the Fund, demand judgment against XYZ Corporations 1-10 for $105,190.00 for Friedman Automotive's allocated share of the unfunded vested liabilities of the Fund, as well as liquidated damages, interest, attorneys' fees, costs, and all other relief that the Court may deem just and appropriate.

### COUNT IV

**Controlled Group Liability Owed by John and Jane Does 1-10 to the Fund
Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)**

31. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

32. As of August 31, 2018, fictitious individuals John and Jane Does 1-10 were sole proprietorships under common control with Friedman Automotive within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

33. As such, John and Jane Does 1-10 are jointly and severally liable with Friedman Automotive for the withdrawal liability resulting from Friedman Automotive's complete withdrawal from the Fund.

34. Plaintiffs, the Trustees of the Fund, demand judgment against John and Jane Does 1-10 for $105,190.00 for Friedman Automotive's allocated share of the unfunded vested liabilities of the Fund, as well as liquidated damages, interest, attorneys' fees, costs, and all other relief that the Court may deem just and appropriate.

Dated: January 10, 2020

**PROSKAUER ROSE LLP**

By: ___/s/ Guy Brenner___
Guy Brenner
1001 Pennsylvania Ave, N.W.
Suite 600 South
Washington, District of Columbia 20004-2533
(202) 416-6800
gbrenner@proskauer.com
D.C. Bar No. 491964

Anthony S. Cacace (*pro hac vice* pending)
Neil V. Shah (*pro hac vice* pending)
Eleven Times Square
New York, NY 10036
(212) 969-3000
acacace@proskauer.com
nshah@proskauer.com

*Counsel for the Plaintiffs*